**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Leslie Finkel, | No. CV-23-02501-PHX-KML (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Naphcare LLC, et al., | |
| Defendants. | |

Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the denial of plaintiff Brian Leslie Finkel's motion to amend his complaint. (Doc. 47.) The R&R's recommendation has two bases: noncompliance with Local Rule of Civil Procedure 15.1 and prejudice to defendants. Local Rule 15.1 requires a plaintiff indicate how his proposed amended complaint differs from his original complaint "by bracketing or striking through the text to be deleted and underlining the text to be added." Finkel's proposed amended complaint underlines all allegations with no indication what Finkel was deleting. As for possible prejudice, the R&R concludes Finkel delayed seeking amendment and granting an amendment would require the parties "restart the discovery process." (Doc. 47 at 6.)

Finkel filed objections arguing he should not be expected to comply with Local Rule 15.1 and that any need to restart the discovery process is attributable to the refusal by defendants Centurion and Naphcare to discuss an early settlement.[1] (Doc. 52 at 9.)

---

[1] Finkel's objections also argue the screening order conflicts with Local Rule 15.1. (Doc. 52 at 4.) The screening order stated that if Finkel wished to amend his complaint, "the

Defendant Centurion filed a response to Finkel's objections arguing the court should adopt the R&R in full. (Doc. 56.)

The R&R is correct that Finkel's failure to comply with Local Rule 15.1 makes it difficult to determine the precise changes Finkel wishes to make in his amended complaint. But having compared the original complaint with the proposed amended complaint, Finkel's proposed amended complaint consists almost entirely of reformulations of his original allegations. For example, the original complaint alleged Finkel "was transported multiple times to Kumar's Goldfield Cardiology Institute (GCI) for multiple cardiology procedures to diagnose and then treat [Finkel's paroxysmal atrial fibrillation]." (Doc. 8 at 14.) That complaint also alleged Kumar "never had a visit with Kumar" and "never had an opportunity to review lab tests . . . because Kumar never requested them." (Doc. 8 at 14-15.) The proposed amended complaint alleges Finkel was "sent to [] Kumar's offices for treatment" but "at no time was he actually seen by Dr. Kumar." (Doc. 41 at 13.) The proposed amended complaint also alleges Finkel's "diagnostic testing was never forwarded" to Kumar "because such records were not requested." (Doc. 41 at 13.)

The screening order held Finkel had not alleged sufficient facts to state a claim against Kumar. (Doc. 7 at 12.) The slightly-different allegations in the amended complaint regarding Kumar do not merit a different result. The same is true for Finkel's attempt to amend his complaint to state claims against defendants Weigle, Mahn, and Randall, assuming Finkel was even attempting to re-add these individuals as defendants. (Doc. 41 at 4, 7 (listing Kumar, Weigle, Mahn, and Randall as defendants but identifying Kumar as sole defendant for count III).) The proposed amended complaint does not include sufficient new factual allegations to state claims against any of the defendants dismissed in the original screening order. The motion to amend is therefore denied on that basis. The court need not resolve whether denial of the motion to amend would be appropriate based on Finkel's noncompliance with Rule 15.1 or the timing of his motion.

---

amended complaint must be retyped or rewritten in its entirety." (Doc. 52 at 3.) Finkel states that language conflicted with the requirement in Local Rule 15.1 that an amended pleading "indicate in what respect it differs from the pleading which it amends." It is not clear what conflict Finkel believes existed between the screening order and Local Rule.

1  Accordingly,

2  **IT IS ORDERED** the Report and Recommendation (Doc. 47) is **ADOPTED IN
3  PART** as set forth above. The motion to amend (Doc. 41) is **DENIED**.

4  Dated this 12th day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge