**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Leslie Finkel, | No. CV-23-02501-PHX-KML (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Naphcare LLC, et al., | |
| Defendants. | |

Magistrate Judge James F. Metcalf denied plaintiff Brian Leslie Finkel's request to extend the deadline for filing discovery motions. (Doc. 127.) Finkel appeals that denial claiming it was "contrary to established law and should be overturned." (Doc. 131 at 1.) It was not.

While proceeding before the magistrate judge, Finkel filed a motion for sanctions. That motion was denied as untimely. Finkel then filed a motion to extend the deadline for such motions. In that motion, Finkel argued defendants had failed to disclose certain documents in a timely manner and he had not learned of this behavior in time to file a motion for sanctions by the deadline. (Doc. 121 at 3.) Defendants opposed Finkel's motion to extend the deadline by arguing an extension was not appropriate because there was no underlying sanctionable conduct and, even if there had been a failure to disclose certain documents, Finkel suffered no prejudice. (Doc. 124.) In his reply, Finkel argued defendants had addressed the merits of his planned motion for sanctions and not whether he should be granted leave to file such a motion. (Doc. 126.) Finkel interpreted defendants as having

"waived any further argument why leave should not be granted to file the untimely motion for sanctions." (Doc. 126 at 2.) The magistrate judge denied the motion to extend, reasoning Finkel had not shown "good cause" for an extension. (Doc. 127.)

The standard for overturning the type of ruling at issue is difficult to meet. To merit relief, the magistrate judge's ruling must qualify as "clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A). A ruling is "clearly erroneous" only if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Durham v. Cnty. of Maui*, 742 F. Supp. 2d 1121, 1127 (D. Haw. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling "is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.*

Even if the court assumes Finkel did not know of all the alleged nondisclosures by the deadline for filing a motion for sanctions, he is not entitled to relief. *See United States v. Armstrong*, No. 4:06 CR 00018 RRB, 2006 WL 3533140, at *3 (D. Alaska Dec. 7, 2006) (district judge "may affirm the judgment of the magistrate judge on any ground supported by the record, even if it differs from the rationale used by the magistrate judge). Sanctions under Rule 37(c) are not appropriate where the failure to disclose was harmless. As explained in the opposition to Finkel's motion for an extension, Finkel has not suffered any prejudice by the allegedly untimely disclosures. (Doc. 124 at 3.) Because any motion for sanctions would have been futile, it was not error for the magistrate judge to refuse to extend the deadline.

**IT IS ORDERED** the Appeal (Doc. 131) is **DENIED**.

Dated this 19th day of September, 2025.

Honorable Krissa M. Lanham
United States District Judge